UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAUREEN DOWNES,

    Plaintiff,

    v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

Case No. 23-cv-01643-RS

**ORDER GRANTING ATTORNEY FEES AND COSTS**

## I. INTRODUCTION

Plaintiff Maureen Downes moves for an order awarding her $97,965 in attorney fees and $625.07 in costs incurred during the successful litigation of her claim against Defendant Unum Life Insurance Company of America pursuant to the Employee Retirement Income Security Act ("ERISA"). Plaintiff sought to hold Defendant liable for denying her long-term disability benefits and secured a favorable judgment. *See Downs v. Unum Life Ins. Co. of Am.*, No. 23-cv-01643, 2024 WL 3908106, at *1 (N.D. Cal. Aug. 19, 2024). For the reasons explained below, the motion is granted.

## II. LEGAL STANDARD

In an ERISA action, the court has discretion to award reasonable attorney's fees and costs to either party. *See* 29 U.S.C. § 1132(g)(1). A party who achieves "some degree of success on the merits" may be entitled to attorney fees. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). In particular, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*,

746 F.2d 587, 589 (9th Cir. 1984) (citation omitted). In that context, discussion of the five-factor test elaborated in *Hummell v. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) is "unnecessary." *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001) (quoting *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994)).

### III. DISCUSSION

#### A. Success on the Merits

Plaintiff succeeded on the merits of her ERISA claim by securing a judgment. Defendant presents no special circumstances that caution against awarding Plaintiff attorney fees. None appear present, so the presumption in favor of granting the motion applies. Moreover, because Plaintiff unambiguously won judgment on her sole claim for relief in this matter, there is no need to proceed through the *Hummell* analysis. *See Grosz-Salomon*, 237 F.3d at 1164.

#### B. Reasonableness of Requested Fees

Plaintiff's counsel seeks attorney fees based on the lodestar calculation approach. Under this approach, "the court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Id.* at 945–46. "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community. . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1980).

Defendant challenges opposing counsel's $900 hourly rate as excessive. To support that position, it cites a nonprecedential memorandum disposition from the Ninth Circuit in which a Plaintiff's attorney forfeited arguments against reducing a fee award from $650 to 500. *See Nagy v. Grp. Long Term Disability Plan for Emps. of Oracle Am., Inc.*, 739 F. App'x 366, 368 (9th Cir. 2018). This cited case is inapposite here, where Plaintiff has not forfeited any fee-related arguments. In fact, Plaintiff has well-supported the motion with declarations from attorneys in the ERISA field who charge similar rates, *see* Dkt. Nos. 41-2 at ¶ 8 (attorney charges $1,025 per hour

in 2024), 41-3 at ¶ 8 (attorney charges $950 per hour in 2024), Dkt. No. 41-5 at ¶ 6 (attorney charges $900 per hour in 2024), as well as others who personally vouched for Plaintiff's counsel and the reasonableness of his $900 rate, *see* Dkt. Nos. 41-4 and 41-6. The rate roughly tracks inflation since 2019, when another district court in this circuit deemed reasonable this counsel's then-rate of $750. *See Herrman v. Lifemap Assurance Co.*, 497 F. Supp. 3d 970, 975 (D. Or. 2020). As counsel explains, "if we had simply pegged our rates to the [Consumer Price Index] since 2019, our rates would have increased" to $916.70 as of July 2024. Dkt. No. 41-1 at 4. Reflecting this reality, courts in the Northern District routinely authorize rates in this range for partners specializing in ERISA claims. *See, e.g.*, *Dimry v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 2018 WL 6726963, at *2 (N.D. Cal., Dec. 22, 2018) ($900 per hour); *Price v. Reliance Standard Life Ins. Co.*, 2023 WL 2600453, at *1 (N.D. Cal., Mar. 22, 2023) ($800 per hour); *Beryl v. Navient Corp.*, 2023 WL 4570626, at *4 (N.D. Cal., July 13, 2023) ($1200 per hour).

Moreover, well-established rates such as these are presumed reasonable in the absence of opposing evidence, *see United Steelworkers*, 896 F.2d at 407, and here, Defendant offers no opposing evidence against a fee award of $900 per hour. Instead, Defendant merely alleges that ERISA litigation clients "do not actually pay" $900 per hour. Dkt. No. 45 at 3–4. This unfounded claim flies in the face of Plaintiff's counsel's sworn declaration that the firm has "current clients paying our current hourly rates" for attorneys who "specialize in representing plaintiffs in ERISA litigation." Dkt. No. 41-1 at ¶ 7. Presenting no reason to doubt the veracity of the sworn declaration, Defendant's bald assertion to the contrary is unavailing.

Defendant next attempts to argue that Plaintiff's fee claim is not supported by the attached declarations because the request involves "significant and uninterrupted increases in rates, based only on increasing costs and inflation." Dkt. No. 45 at 4. It also highlights that Plaintiff's counsel increased the yearly rate by $50 in 2022 but only by $25 in most other years, and that Plaintiff's counsel did not include declarations from two partners who worked minimal hours on the matter.

None of these contentions are persuasive. Using declarations from attorneys in the field to establish the reasonableness of a request is a long-established method of proof that the Ninth Circuit has explicitly endorsed. *See Welch*, 480 F.3d at 947. Increasing rates on an annual basis is

standard practice, and Defendant offers no caselaw to suggest that such increases must be uniform in order to be reasonable. As for the rate charged by Plaintiff's counsel's colleagues, it is the same rate that he charges and is supported by the same rationales, discussed *supra*. The hours they billed—0.7 hours for one and 4.4 hours for another—are also *de minimis* when compared to the 108.85 hour total, so it makes sense why counsel did not endeavor to have them complete their own declarations. *See generally* Dkt. No. 47 at 5. As for time billed, Plaintiff "submit[ted] evidence supporting the hours worked and rates claimed," with more than adequate documentation. *See* Dkt. No. 41-1 at 9–15 (providing detailed accounts of every hour billed). Defendant protests that one attorney on the matter provided duplicative work in preparing for and a hearing, but "collaboration and brainstorming are an important aspect of legal practice. Even the most competent and experienced attorney does not have all the answers, and therefore attorneys should receive some compensation for consultations with colleagues." *Dragu v. Motion Picture Indus. Health Plan for Active Participants*, 159 F. Supp. 3d 1121, 1128–29 (N.D. Cal. 2016).

Finally, Defendant argues that Plaintiff's counsel should only be permitted to bill at the rate of the years when the litigation began and was litigated, rather than the current 2024 rate. But "[d]istrict courts have the discretion to compensate plaintiff's attorneys for delay in payment by either applying the attorneys' current rates to all hours billed during the course of the litigation or using the attorneys' historical rates and adding a prime rate enhancement." *Welch*, 480 F.3d at 947. Plaintiff's counsel notes that the majority of time spent on the case occurred in 2024, during which he defeated Defendant's motion for summary judgment and won judgment for Plaintiff. All things considered, it is appropriate here to award Plaintiff's counsel the current hourly rate. *See, e.g.*, *Doe v. Prudential Ins. Co. of Am.*, 258 F. Supp. 3d 1089, 1095 (C.D. Cal. 2017).

In sum, the application for attorney fees is reasonable. Plaintiff's counsel will be compensated for 108.85 hours' work at a rate of $900 per hour, resulting in a total award of $97,965. Defendant did not contest the costs, and an independent review of the record confirms that the $625.07 sought is fair and reasonable. Plaintiff's counsel therefore will be awarded the requested costs as well.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for an award of attorney's fees and costs is granted. Defendant shall pay Plaintiff $97,965 in attorney fees and $625.07 in fees, costs, and expenses.

**IT IS SO ORDERED**.

Dated: November 20, 2024

_____
RICHARD SEEBORG
Chief United States District Judge